

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 27, 1974

The Honorable Oscar H. Mauzy
Senate Chamber
Austin, Texas   78711

Opinion No. H- 337

Re: Extent to which State and
its agencies are required to
enforce antidiscriminatory
laws of federal and state
governments in contracting
with outside entities.

Dear Senator Mauzy:

The Senate Education Committee has requested our opinion on the following matter:

> In view of Executive Order 11246, the regulations sent
> down by the Office of Federal Contract Compliance and by
> the Equal Employment Commission, the 1972 Amendments to
> the Equal Employment Opportunity Act, and other pertinent
> federal and state law, under what circumstances could,
> should, or must the State of Texas or its agencies or poli-
> tical subdivisions, in particular the Board of Control and
> School Districts, include the following or a similar state-
> ment in its or their requests for bids, contracts, purchase
> orders, etc. ?
>
>> ' During the performance of this contract,
>> the Contractor agrees as follows:  The
>> Contractor will not discriminate against
>> any employee because of race, creed,
>> color, sex or national origin. '
>
> It would be greatly appreciated if your opinion would
> encompass the circumstances under which such a state-
> ment would be permissible, advisable, or necessary,

the particular political subdivision affected in each
case, and the precise nature of the statement in
each case.

Your question specifically encompasses three separate issues as it
is phrased to cover the permissibility, the advisability and the necessity
of the inclusion of such a contract clause.  Two of these issues require little
discussion.

We know of no law, state or federal, which would preclude an agency
from including a non-discrimination clause in a contract.  It is therefore
our conclusion that an agency may include such a clause in its contracts and
bid specifications.  Whether use of the clause is advisable is essentially a
question of policy which is outside the statutory opinion process of this
office.

The cases in which a non-discrimination clause must be used depend
on relevant federal law.

Executive Order 11246 of September 24, 1965, is a statement by the
President concerning federal procurement and financial assistance policy.
The Order requires all federal agencies to condition the award of federal
contracts and federally assisted construction contracts upon the inclusion of
an equal employment opportunity clause of the type you describe.  The clause
is enforced by the Secretary of Labor through the Office of Federal Contract
Compliance.  The Secretary of Labor has promulgated rules which explain
the Executive Order in great detail.  See, 41 C.F.R.  Chapter 60.

Generally the Order will only concern the State of Texas, its agencies,
or political subdivisions when application is made for federal assistance to a
state construction contract which exceeds $10,000.  41 C.F.R. Sec. 60-1.5.
As an applicant for federal assistance, the State must agree to include the
clause in the construction contract, bid or purchase order which is financed
in whole or in part with federal funds.  The Executive Order does not require
the State to include such a clause in contracts, bids or purchase orders that
are financed wholly from state funds.

The authority of the President to condition federal assistance to state construction contracts upon inclusion of the clause has been considered and upheld in Contractors Association of Eastern Pennsylvania v. Secretary of Labor, 442 F. 2d 159 (3rd Cir. 1971), cert. denied, 404 U.S. 854 (1971). The court reasoned:

> When the Congress authorizes an appropriation for a program of federal assistance, and authorizes the Executive branch to implement the program by arranging for assistance to specific projects, in the absence of specific statutory regulations it must be deemed to have granted to the President a general authority to act for the protection of federal interests. (442 F. 2d at 171)

Consequently, our opinion is that the State, its agencies and political subdivisions are required by the Executive Order, and regulations adopted pursuant thereto, to include an equal employment opportunity clause in those state construction contracts, bids or purchase orders, which are federally assisted and which exceed $10,000.

Additional responsibilities in the field of non-discrimination in employment are imposed by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e, which amended in part Title VII of the Civil Rights Act of 1964, by prohibiting the states, their agencies and political subdivisions from engaging in certain unlawful employment practices. Section 2000e-2 provides:

> (a) It shall be an unlawful employment practice for an employer --
>
> > (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges or employment, because of such individual's race, color, religion, sex, or national origin; . . .

The Honorable Oscar H. Mauzy   page 4   (H-337)


Section 2000e-2 applies not only to State employment practices, but to the practices of any employer of 15 or more persons in an industry which affects interstate commerce.

As a result, many private employers with whom the State deals are already required by federal law to provide equal employment opportunity.

However, Title VII does not require the State to enforce its guarantee of equal employment opportunity through its contracts with private employers, nor does Title VII prohibit any employer, including the State, from having business dealings with other employers who engage in unlawful employment practices.

Instead the usual remedy for violation of Title VII is by filing of complaint with the Equal Employment Opportunity Commission. The Commission, if it finds reasonable cause to believe a violation has occurred, will endeavor through informal negotiations to settle the complaint through a voluntary conciliation agreement. If necessary, the Commission may file a civil action enjoining violation of the Act by the employer, and seek other remedies which are appropriate. See 42 U.S.C. Sec. 2000e-5.

The statutory scheme demonstrates that the State is responsible for assuring equal employment opportunities in state employment. Each political subdivision, as an employer, is responsible for its own employment practices. Private employers, absent general state legislation, are not answerable to the State for their employment practices, but only to the Commission, initially, and afterwards to the courts.

It is not an unlawful employment practice for the State to refuse to include an equal employment opportunity clause in contracts which it has with private employers. Each employer under Title VII is responsible only for its own employment practices, not for the practices of others.

The possibility remains that the State or a political subdivision may enter into a conciliation agreement with the Commission which by its terms requires the State or a political subdivision to include a non-discrimination

p. 1555

clause in all contracts, bids or purchase orders.  If such an obligation exists, it is by virtue of the voluntary agreement and not due to any express requirements of Title VII.

Therefore, our opinion is that the State is not required by the Equal Employment Opportunity Act to include a non-discrimination clause in its contracts, bids or purchase orders.

Finally, Title VI of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000d, directs federal departments and agencies to enforce the general requirement that:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. .

It is incumbent upon federal agencies to insure that recipients of federal assistance administer program benefits on a non-discriminatory basis.  If necessary, a recipient must be directed to take affirmative action to correct discrimination in federally assisted programs.  However, 42 U.S.C. Sec. 2000d-3 clearly limits the authority of a federal agency under Title VI to influence the employment practices of a recipient.  It provides:

> Nothing contained in this subchapter shall be construed to authorize action . . . by any department or agency with respect to any employment practice of any employer, employment agency, or labor organization except where a primary objective of the Federal financial assistance is to provide employment.

Federal regulations interpreting Title VI now prohibit employment discrimination where either the primary purpose of a grant is to provide employment or where discriminatory employment practices tend to result in unequal treatment of persons who are, or should be, benefiting from the

grant-aided activity.  See, for example, 45 C. F. R. Section 80. 3 (HEW Title VI regulations); 49 C. F. R. Section 21. 5 (c) (Dept. of Transportation Title VI regulations).

Conceivably, a federal agency may under some circumstances require the State, as applicant or recipient of federal assistance, to include an equal employment opportunity clause in State contracts, bids or purchase orders which are financed in part with federal funds.

For instance, regulations by HEW define "program" for purpose of Title VI to include an activity which provides benefits to the public "through employees of the recipient of Federal financial assistance or provided by others through contracts or other arrangements with the recipient" 45 C. F. R. Section 80.13 (g).  If a contractor under a contract with the State is a participant in a federally assisted program, and if "discrimination on the ground of race, color, [sex] or national origin in the employment practices of the recipient or other persons subject to the regulations tends . . . to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program . . . " (45 C. F. R. Sec. 80. 3 (c) (3)) then the State, an agency, or a political subdivision may be required by Title VI to include an equal employment opportunity clause in those federally assisted contracts, bids or purchase orders.  Otherwise Title VI does not require the clause in a State contract, bid or purchase order.  It is impossible, given the variety of federal grant-in-aid program objectives, to answer your question more specifically under Title VI.  See also, N. A. A. C. P., Western Region v. Brennan, 360 F. Supp. 1006 (D. C. 1973).

## SUMMARY

States, state agencies, and political subdivisions are required by federal law to include an equal employment opportunity clause in federally-assisted construction contracts which exceed $10,000.  Title VI may require a similar clause in contracts financed in part

by federal grant-in-aid funds, but the Equal
Employment Opportunity Act with 1972
amendments, does not, nor does any other
State or federal law, require the clause to be
included in all State contracts, bids or purchase
orders, though in our opinion such a clause is
always permissible.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee